UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF ARKANSAS
                         FORT SMITH DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                          No. 11-CR-20025-001

ESMERALDA RESENDEZ                                          DEFENDANT

                              ORDER

    Currently before the Court is the Government's Motion to Reconsider Detention Issue (Doc. 19) and the Defendant's Response (Doc. 24). For the reasons stated herein, the Government's Motion is GRANTED, and the Court directs the United States Marshals Service to take the Defendant into custody immediately.

I. Discussion

    After a two-day jury trial, Defendant was convicted of Conspiracy to Distribute more than 50 grams of Methamphetamine. Defendant had been free on bond pending trial, and, following her conviction, the Court denied a Motion by the Government to take her in to custody immediately pursuant to 18 U.S.C. § 3143. That motion was denied because of a recommendation by the United States Probation Office that Ms. Resendez remain on her bond pending sentencing, and that the condition of drug testing be added to the conditions of her release. The Government then filed its Motion to Reconsider the issue (Doc. 19).

    18 U.S.C. § 3143(a)(2) provides:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless -
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Defendant was convicted of Conspiracy to Distribute more than 50 grams of Methamphetamine in violation of 21 U.S.C. § 841(b)(1)(B)(viii) and 21 U.S.C. § 846. The violation of 21 U.S.C. § 841(b)(1)(B)(viii) carries a sentence range of not less than 5 years and not more than 40 years. Subparagraph (C) of 18 U.S.C. § 3142(f)(1) includes a violation of 21 U.S.C. § 841(b)(1)(B)(viii) as it is an offense for which the maximum term of imprisonment is ten years or more as prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.).

18 U.S.C. § 3145(c) provides that a person subject to detention pursuant to section 3143(a)(2) and who meets the conditions of release set forth in section 3143 (a)(1) may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

Although the Probation Office recommended that Defendant remain on her bond pending until sentencing based on her complying

with conditions of release, this does not rise to the level of "exceptional reasons" to exclude her from detention pending sentence under section 3145(c). *See United States v. Mahoney*, 627 F.3d 705 (8th Cir. 2010), and *United States v. LaRue*, 478 F.3d 924 (8th Cir. 2007).

While the Court does not believe that the Defendant is likely to flee or that she poses a danger to any other person in the community, there is no substantial likelihood that a motion for acquittal or new trial will be granted. Therefore, the conditions for not detaining the Defendant are not met.

II. Conclusion

For the foregoing reasons, the Government's Motion to Reconsider Detention Issue (Doc. 19) is **GRANTED**, and the Court directs the United States Marshals Service to take the Defendant into custody immediately.

IT IS SO ORDERED this 15th day of July, 2011.

/s/ *Paul K. Holmes,* III
**PAUL K. HOLMES, III**
**UNITED STATES DISTRICT JUDGE**