IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES of AMERICA                          PLAINTIFF/RESPONDENT

     V.                    No.  2:11-CR-20025
                       No.  2:12-CV-02300
ESMERALDA RESENDEZ                               DEFENDANT/PETITIONER

## REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus

Petitions, (*ECF No.* 32) filed December 3, 2012, under 28 U.S.C. §2255.  The Government filed

its Response, (*ECF No.* 40) on January 18, 2013, and the Petitioner has not filed a Reply.

### I.  Background

On April 6, 2011, a federal grand jury in the Western District of Arkansas, Fort Smith

Division, indicted Resendez on a one-count Indictment. The Indictment charged Resendez with

Conspiracy to Distribute Methamphetamine. (ECF No. 1). On April 18, 2011, Resendez appeared

with her appointed counsel, Jack Schisler, for her arraignment plea (ECF No. 6) and entered a not

guilty plea.

On July 11, 2011, Resendez appeared with her appointed counsel, Jack Schisler , before

the Honorable Chief District Judge P. K. Holmes, III, for a jury trial. (ECF No. 18). After a

two-day jury trial, the jury returned a verdict of "guilty" as to Count One on the indictment. (ECF

No. 20).

On November 28, 2011, Resendez appeared before the Honorable Chief Judge P. K.

Holmes for sentencing. (ECF No. 28) The Court sentenced Resendez to 78 months

imprisonment, four years supervised release, a $2,500.00 fine, and $100.00 special assessment. (ECF No. 30).

On December 3, 2012, Resendez filed this instant Motion to Vacate, Set Aside, or Correct Sentence contending Ineffective Assistance of Counsel. (ECF No. 32).

## II.  Discussion

The Sixth Amendment of the Constitution of the United States affords a criminal defendant with the right to assistance of counsel. *U.S. Const. amend. VI.* The Supreme Court "has recognized that 'the right to counsel is the right to effective assistance of counsel.' " *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (citing *McMann v. Richardson*, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255.  *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000);  2254. *Cox v. Wyrick,*  642 F.2d 222, 226 (C.A.Mo., 1981) To establish a claim of ineffective assistance of counsel, the Defendant must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted.

Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." Id. at 694. see also, i.e. *United States v  Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense).

To satisfy this "prejudice" prong, Defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *U.S. v. Rice*, 449 F.3d 887 at 897 (internal quotations omitted). Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir.2007) (citing *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir.2004)). Additionally, actual prejudice does not exist where a petitioner, at best, suffers the mere possibility of prejudice. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir.1996) (mere possibility does not equal actual prejudice). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999).

### 1. Voluntariness of Admissions

The Defendant first contends that her attorney committed error by failing to ask the court to instruct the jury as "required by 18 U.S.C.A. §3501(a) regarding voluntariness of admission made by Petitioner to drug enforcement administration agents". (ECF No 32, p. 2).

-3-

The court does not have a transcript from the relevant portion of the trial, but, according to the Government's brief, "A portion of the evidence presented by the government during the trial included the introduction of statements that Resendez made to two Drug Enforcement Administration agents regarding her drug trafficking activities. This statement was not recorded. However, the DEA agents testified that they took extensive notes on the interview and prepared a lengthy report detailing Resendez's statement. In addition, despite the fact that Resendez was not in custody at the time of the statement, the agents did advise Resendez of her Miranda rights and Resendez signed a form confirming that she understood her rights and that she agreed to waive her rights and provide a statement to the agents." (ECF No. 40, p. 6).

In the wake of the Supreme Court's decision in *Miranda v. Arizona*, 383 U.S. 436 (1966), Congress enacted 18 U.S.C. § 3501, which in essence laid down a rule that the admissibility of confessions should turn **only** on whether or not they were voluntarily made.  The statute stated, in relevant part:

> In any criminal prosecution brought by the United States or by the District of Columbia, a confession, as defined in subsection (e) hereof, shall be admissible in evidence if it is voluntarily given. Before such confession is received in evidence, the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness. If the trial judge determines that the confession was voluntarily made it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances. 18 U.S.C.A. § 3501

To the extent that Congress sought to negate Miranda and establish voluntariness as the sole basis for the admissibility of a statement this section was effectively overruled by the United States Supreme Court in Dickerson v. U.S. in 2000.  *See Dickerson v. U.S.* 530 U.S. 428, 430, 120 S.Ct. 2326, 2329 (U.S.,2000).

-4-

Regardless, voluntariness remains the touchstone of admissibility when it comes to a defendant's statement. The Eighth Circuit Manual of Model of Jury Instructions provides a Model Instruction that the court may give when the voluntariness of a Defendant's statement is in issue. (Model Jury Instruction 2.07).  It seems to be the Defendant's contention that her attorney committed error in not requesting this instruction.

If the defendant  does not raise a genuine factual issue regarding the voluntariness of an incriminating out-of-court statement, a section 3501(a) instruction is not required. *U.S. v. Blue Horse*  856 F.2d 1037, 1039 -1040 (C.A.8 (S.D.),1988).  It does not appear that the defendant ever raised any issue concerning her statement at trial and the only contention she makes in her 2255 motion is that the statement was not voluntary because it was not recorded.

In her motion, the Defendant alleges "Petitioner's statements made to arresting officers were not recorded and, therefore, should not have been admissible at trial." (ECF No. 32, p. 2). As pointed out in the Government's brief this statement from Resendez's motion is an incorrect statement of the law. According to *United States v. Williams*, 429 F.3d 767, 772 (8 Cir. 2005), recording is not a pre- requisite to admissibility for a defendant's statement.  The Eighth Circuit's position from 2005 has not changed.  *See U.S. v. Wright*,  236 Fed.Appx. 239, 2007 WL 1629912, 1 (C.A.8 (Mo. (C.A.8 (Mo.),2007) (The officer who interviewed Wright at jail was not required to ECF Noument his giving of warnings under Miranda v. Arizona, in written, audiotaped, or videotaped form.).  In this instance it appears the Defendant was provided with a written rights waiver form and her contention that the statement itself must be recorded is without merit.  It cannot be ineffective assistance not to raise a meritless argument. *Larson v. U.S.*  905 F.2d 218, 219 (C.A.8 (Minn.),1990).

**2. Failure to Move for Court to review PSRs of co-defendants.**

Resendez's second claim for ineffective assistance of counsel is based on the testimony of two government witnesses, who, according to the Government's brief, were Kendrick Scott and Heather Ripley. Again, according to the Government's Brief "Scott and Ripley both testified at the jury trial in this case that they had received methamphetamine from Resendez. In addition, they both testified that they had been convicted of drug-related crimes in State Court and were currently serving sentences in the Arkansas Department of Correction." Resendez alleges in her Petition that her counsel was ineffective because he did not seek to have the Court review the PSR's for Scott and Ripley in camera to determine if they contained information subject to disclosure to the defense.

According to the Government neither Kendrick Scott or Heather Ripley were convicted in Federal Court, and there was not a presentence report for either of them that the Court could have reviewed. It cannot be ineffective assistance of counsel to ask the court to do something that is impossible for it to do. It is clear that defense counsel attempted to impeach the credibility of the Government's witnesses by introducing evidence that they had been convicted in state court and were currently serving a sentence. There is no evidence that there was any other information available to the Defendant's attorney that he could have used to impeach the witnesses.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be **DISMISSED** with **PREJUDICE.**

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file**

-6-

timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 7th day of February 2013.


/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE  JUDGE