IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

V.              Criminal No.   2:11-cr-20025-PKH-MEF-1
                Civil No.      2:16-cv-02138-PKH

ESMERALDA RESENDEZ                                          DEFENDANT/PETITIONER

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant/Petitioner's Motion Pursuant to 28 U.S.C. § 2255 to Vacate[,] Set Aside Sentence in Light of Retroactive Effect of the Clarifying Amendment (794). (Doc. 69) No service of the § 2255 Motion was authorized and, therefore, the United States of America has not filed a response. The matter is ready for Report and Recommendation.

### I. Background

On April 6, 2011, Defendant/Petitioner, Esmeralda Resendez ("Resendez"), was named in an Indictment charging her with conspiracy to distribute a controlled substance, namely, more than 50 grams of a mixture or substance containing a detectable amount of methamphetamine. (Doc. 1) Resendez was arrested on April 14, 2011, and she appeared for arraignment before the Hon. James R. Marschewski, Chief United States Magistrate Judge, on April 18, 2011, at which time Resendez entered a not guilty plea to the Indictment. (Doc. 6)

A jury trial was conducted on July 11-12, 2011 (Docs. 18, 20), at the conclusion of which the jury returned its verdict finding Resendez guilty of the crime of conspiracy to distribute methamphetamine as charged in the Indictment (Doc. 21).

A Presentence Investigation Report ("PSR") was prepared on September 20, 2011. (Doc.

29) In it, Resendez was held accountable for 233.70 grams of methamphetamine (Doc. 29, ¶¶ 12, 17), and that resulted in a base offense level of 28 (Doc. 29, ¶ 17).  No victim-related, role in the offense, or obstruction of justice adjustments were made.  (Doc. 29, ¶¶ 18-21)  Resendez's total offense level was determined to be 28.  (Doc. 29, ¶ 25)  Resendez's criminal history, including five DWI convictions, resulted in a total of eight criminal history points, placing her in criminal history category IV.  (Doc. 29, ¶ 38)  The statutory minimum term of imprisonment for the offense of conviction was five years, and the statutory maximum term of imprisonment for the offense of conviction was 40 years.  (Doc. 29, ¶ 52)  Based on a total offense level of 28 and a criminal history category of IV, the advisory guideline range for imprisonment was 110 to 137 months.  (Doc. 29, ¶ 53)  Resendez made three objections to the PSR, none of which affected the guidelines calculation.  (Doc. 29, p. 13; Addendum)  Resendez also submitted a Sentencing Memorandum on November 27, 2011.  (Doc. 27)  In it, Resendez argued (1) that she should only be held accountable for 155.91 grams of methamphetamine, resulting in an offense level of 26; and, (2) that her criminal history score, while properly calculated, over-represented the seriousness of her criminal history.  (Doc. 27)

Sentencing was held on November 28, 2011.  (Doc. 28)  The Court made inquiry that Resendez was satisfied with her counsel; the PSR was reviewed; the Court granted a downward departure in regard to Resendez's sentence based upon its findings regarding drug quantity and the criminal history score over-representing the seriousness of Resendez's criminal history; and, the Court imposed a below-guidelines sentence of 78 months imprisonment, four years supervised release, a $2,500.00 fine, and a $100.00 special assessment.  (Docs. 28, 31)  Judgment was entered by the Court on November 29, 2011.  (Doc. 30)  Resendez did not pursue a direct appeal from the Judgment.

On December 3, 2012, Resendez filed her first *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 32) Resendez alleged two grounds, both relating to ineffective assistance of counsel, to wit: (1) the District Court erred by failing to instruct the jury as required by 18 U.S.C. § 3501(a) regarding voluntariness of admissions made by Resendez to Drug Enforcement Administration agents and counsel defaulted the claim by not making any objections or appealing to a higher court, and (2) the District Court erred by not conducting an in camera review of the PSR's of cooperating government witnesses, and counsel's failure to move precipitated this action. (Doc. 32) A Report and Recommendation by Judge Marschewski was submitted on February 7, 2013, in which he recommended that Resendez's § 2255 motion be denied and dismissed with prejudice. (Doc. 41) An Order adopting the Magistrate Judge's Report and Recommendation was entered by Chief Judge Holmes on September 13, 2013, and Resendez's motion to vacate was denied. (Doc. 44) Resendez filed a Motion for Reconsideration on December 16, 2013. (Doc. 45) An Order denying the Motion for Reconsideration was entered on February 5, 2014. (Doc. 47) Resendez then sought leave to appeal *in forma pauperis* on April 7, 2014 (Docs. 48, 49), which was denied by Order entered on April 11, 2014 (Doc. 51). The Eighth Circuit Court of Appeals also denied issuance of a Certificate of Appealability; the application to proceed *in forma pauperis* was denied as moot; and, the Eighth Circuit's Mandate was issued on August 20, 2014. (Doc. 57)

On November 3, 2014, Resendez filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) in Light of Retroactive Effect of Amendment 782. (Doc. 58) Following the appointment of counsel, an Unopposed Motion to Reduce Sentence was filed on March 12, 2015. (Doc. 59) The motions for reduction of sentence were denied by Order entered on March 19, 2015. (Doc. 61) The District Court explained that pursuant to U.S.S.G. § 4A1.3(b)(1) for criminal history

inadequacy, the Court departed from Criminal History Category IV to III, and that due to the Court's departure in the Criminal History Category at the time of Resendez's initial sentencing, Resendez was not entitled to any further reduction in sentence. (Doc. 62)

On May 11, 2015, Resendez filed a Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Based on Retroactive Effect of Amendment 782. (Doc. 63) The Court, on July 6, 2015, entered its Order denying the motion. (Doc. 64) Resendez again filed a Motion for Reconsideration on August 7, 2015, which was denied by Text Only Order issued on the same date. Resendez then filed yet another Motion for Reconsideration on June 17, 2016. (Doc. 67) That motion remains pending before the Court and is ready for disposition.

The Eighth Circuit Court of Appeals on August 3, 2015 issued its Mandate and Judgment denying Resendez's motion for authorization to file a successive habeas application in the District Court. (Doc. 65) Almost one year later, on August 2, 2016, and without authorization from the Eighth Circuit, Resendez filed her *pro se* Motion Pursuant to 28 U.S.C. § 2255 to Vacate[,] Set Aside Sentence in Light of Retroactive Effect of the Clarifying Amendment (794), which is now pending before this Court. (Doc. 69)

## II. Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not

authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A thorough review of Resendez's § 2255 motion and the files and records of this case conclusively shows that this Court is without authority to consider the motion, and the undersigned recommends that the motion (Doc. 69) be dismissed with prejudice. The undersigned further recommends that Resendez's Motion for Reconsideration (Doc. 67) be denied.

The Anti-Terrorism and Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*, imposed procedural requirements on federal prisoners, like Resendez, who wish to file "second or successive" motions to vacate their sentences. The AEDPA amended 28 U.S.C. § 2244(b) to preclude the filing of any subsequent habeas corpus petition absent certification by a panel of the appropriate court of appeals for the circuit in which the district court is located, authorizing the district court to consider the successive motion or application. 28 U.S.C. § 2255 also provides that a second or successive § 2255 motion may not be filed without prior appellate court approval in the manner provided in 28 U.S.C. § 2244. A second or successive motion must be certified under 28 U.S.C. § 2244 by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *Rodgers v. United States*, 229 F.3d 704 (8th Cir. 2000).

The Eighth Circuit has indicated that when, as in this case, a successive § 2255 motion is filed in the district court without prior compliance with the certification requirement, a district court lacks jurisdiction to entertain the § 2255 motion. *United States v. Matlock*, 107 Fed.Appx. 697, 2004 WL 1809451 (8th Cir. Aug. 13, 2004) ("[t]he district court properly dismissed the motion"); *Boykin v. United States*, 242 F.3d 373, 2000 WL 1610732 (8th Cir. 2000) (the district court lacked the power and authority to entertain the defendant's second or successive § 2255 motion and the Eighth Circuit Court of Appeals remanded the case with directions to dismiss the motion for lack of jurisdiction).

Resendez's current motion is a "second or successive" § 2255 motion as she has previously filed a motion pursuant to § 2255 (Doc. 32), which the Court denied on September 13, 2013 (Doc. 44). As such, this Court has no jurisdiction to consider Resendez's current motion absent an appropriate certification from the Eighth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Because this Court has not been authorized by the Eighth Circuit Court of Appeals to consider a second or successive § 2255 motion, this Court must either dismiss the instant action or transfer it to the Eighth Circuit Court of Appeals. *Boyd v. United States*, 304 F.3d 813 (8th Cir. 2002).

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. A second or successive § 2255 motion may be brought in the district of conviction only if the applicable Court of Appeals has authorized such filing. *See* 28 U.S.C. § 2244. Here, it would not be in the interests of justice to transfer the matter to the Court of Appeals for the Eighth Circuit for authorization as a second or

successive filing under § 2255. This is because Resendez does not assert (1) any newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found her guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. § 2255(h); *Washington v. Delo*, 51 F.3d 756, 759 (8th Cir. 1995) (claims in a later petition are properly dismissed either as successive, if they have been heard and decided on the merits in a previous petition, or as an abuse of the writ, if they were not previously raised but should have been) (*citing Sawyer v. Whitley*, 505 U.S. 333, 338 (1992)). Accordingly, the undersigned recommends dismissal of Resendez's pending § 2255 motion (Doc. 69).

Also pending is Resendez's Motion for Reconsideration (Doc. 67) filed June 17, 2016. The initial motions for sentence reduction (Docs. 58, 59) were denied by this Court on March 19, 2015 (Docs. 61, 62). Resendez later filed another nearly identical motion for sentence modification on May 11, 2015 (Doc. 63), which was denied by the Court on July 6, 2015 (Doc. 64). A Motion for Reconsideration was then filed August 7, 2015 (Doc. 66), and it was denied by Text Only Order entered on the same date. Over ten months later on June 17, 2016, Resendez has again filed a Motion for Reconsideration (Doc. 67) of the Court's decision denying Resendez a sentence reduction. As Resendez has offered no new law or fact that might change the outcome of the Court's earlier decisions, and for the reasons previously stated by the Court in its orders, the undersigned recommends denial of Resendez's Motion for Reconsideration (Doc. 67).

### III. Conclusion

For the reasons discussed above, the undersigned recommends that Resendez's Motion

Pursuant to 28 U.S.C. § 2255 to Vacate[,] Set Aside Sentence in Light of Retroactive Effect of the Clarifying Amendment (794) (Doc. 69) be **DISMISSED with PREJUDICE**.

The undersigned further recommends that Resendez's Motion for Reconsideration (Doc. 67) be **DENIED**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of September, 2016.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE